UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

| HOWARD M. RUBIN, | } | Case No. 2:19-cv-02634 |
| | } | |
| Plaintiff, | } | |
| | } | **VERIFIED COMPLAINT FOR** |
| v. | } | **DEFAMATION** |
| | } | |
| ASAF BERMAN, | } | **JURY TRIAL DEMANDED** |
| | } | |
| Defendant. | } | **Designated Long Island Case** |

---

## VERIFIED COMPLAINT

Plaintiff Howard M. Rubin, having been duly sworn, avers through his attorney, Aaron S. Kaufman, Esq., as follows for his VERIFIED COMPLAINT FOR DEFAMATION:

### *THE PARTIES AND RELEVANT ACTORS*

1. Plaintiff HOWARD M. RUBIN, an attorney-and-counselor-at-law duly admitted to the bar of this Court, is a citizen of the United States and a domiciliary/citizen of the State of York; to wit: 10 Foxwood Rd., Old Bethpage, New York, 11804, in the County of Nassau.

2. On information and belief, Defendant ASAF BERMAN is a citizen of the foreign sovereign State of Israel and full-time resident of the foreign sovereign Nation of Singapore. On information and belief, Defendant ASAF BERMAN maintains no permanent residence in New York and solely Israeli citizenship.

3. Non-party Scott Rutter is a Certified Public Accountant maintaining an office at 529 Fifth Avenue, New York, NY 10017. The defamatory publication in the instant case, described fully, *infra.,* was sent to Mr. Rutter at his New York office.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(b)(2), as Plaintiff HOWARD RUBIN is a citizen of New York State (that is, a state or territory of the United States) and Defendant ASAF BERMAN is, on information and belief, a citizen of the State of Israel, a foreign sovereign state, with a permanent residence in the Nation of Singapore, another foreign sovereign state; further the amount in controversy exceeds the jurisdictional threshold of Seventy-Five Thousand dollars ($75,000.00).

5. This Court has personal jurisdiction over Defendant ASAF BERMAN under Fed. R. Civ. P. Rule 4(k)(1)(A) and New York State's long arm statute, NY CPLR § 302(a)(1). In the alternative, jurisdiction can be obtained over the person of Defendant ASAF BERMAN to the extent that he has attachable property present in New York State on the date that this lawsuit is filed (which, on information and belief, he does, as he previously averred ownership in two restaurants in a case then-pending in New York Supreme Court, captioned <u>Berman & Berman v. Jankelowitz, Noambenny, LLC, Jankman, LLC, Mayzadean, LLC, and Molly Picon, LLC,</u> Index No. 651789/2018); such jurisdiction would be in the character of quasi-in-rem and is cognizable per Fed. R. Civ. P. Rule 4(n)(2) as combined with NY CPLR §§ 301 and/or 302(a)(1).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(c)(3), as Defendant ASAF BERMAN is, on information and belief, a foreign citizen of the sovereign State of Israel maintaining permanent residence in the sovereign Nation of Singapore, and thus not a resident of any judicial district of the United States; as such venue is proper in any district including the Eastern District of New York. In addition, the Plaintiff HOWARD RUBIN is a domiciliary of the Eastern District of New York; thus, the financial harm caused by Defendant ASAF BERMAN was primarily felt in the Eastern District of New York (<u>See</u> 28 U.S.C. §

1391(1)(b)(2)). Moreover, pursuant to L.R. 50.1(d)(2)(ii), substantial acts performed by Plaintiff HOWARD RUBIN leading up to the Defendant ASAF RUBIN's defamatory acts occurred in the county of Nassau; in addition, to the extent that financial harm occurs in a Plaintiff's place of residence, all of the financial harm that befell Plaintiff HOWARD RUBIN occurred in the county of Nassau. For the aforesaid reasons, Plaintiff HOWARD RUBIN designates the instant case a Long Island action under L.R. 50.1(d)(2)(ii).

## *STATEMENT OF GENERAL FACTS*

7. Plaintiff HOWARD RUBIN is a partner with the law firm of Goetz Fitzpatrick LLC, One Penn Plaza, New York, New York and a member in good standing of the State Bar of New York and the State Bar of New Jersey.

8. Plaintiff HOWARD RUBIN and his law firm, Goetz Fitzpatrick, LLC, represented a restaurant group that operates under the tradename "Jack's Wife Freda" with several restaurants in the City of New York in connection with the previously mentioned case, <u>Berman v. Jankelowitz</u>, then pending in New York Supreme Court for New York County, under Index No. 651789/2018.

9. Defendant ASAF BERMAN is a non-managing member of a Limited Liability Company with an interest in two of the restaurants.

10. Defendant ASAF BERMAN commenced the <u>Berman v. Jankelowitz</u> action, a member's derivative lawsuit against the various persons and entities having a managing interest and control of the restaurant group, claiming that the name "Jack's Wife Freda" was the property of the entities in which he had a limited interest, and not the principals thereof or the entities in which he had no interest. This claim of Defendant ASAF BERMAN was dismissed on summary judgment.

11. Plaintiff HOWARD RUBIN's sole contact with Defendant ASAF BERMAN was joint participation in a telephone call through which a special LLC member's meeting was held; the meeting utilized Plaintiff HOWARD RUBIN's office facilities and allowed for holders of membership interests unwilling or unable to attend in person to attend by phone. While Defendant ASAF BEFMAN's attorney was personally present at the meeting, Defendant ASAF BERMAN attended solely through use of teleconferencing mechanisms provided by Plaintiff HOWARD RUBIN's office; on information and belief, Defendant ASAF BERMAN participated remotely from Singapore. The purpose of the meeting was to discuss and vote on proposals of the managing principals of entities in which Defendant ASAF BERMAN held a minority interest. Plaintiff HOWARD RUBIN has had no other interaction with Defendant ASAF BERMAN.

***DEFENDANT'S LIBELOUS STATEMENTS TO PLAINTIFF'S BUSINESS ASSOCIATE***

12. Plaintiff HOWARD RUBIN has had a long and profitable networking relationship with Mr. Scott Rutter, CPA, of Citrin Cooperman & Company, LLP. On information and belief, Mr. Scott Rutter also did accounting work for Defendant ASAF BERMAN, comprising the preparation of standard tax returns. The source of this information is the letter cited below, in which Defendant ASAF BERMAN stated to Mr. Scott Rutter "your assignment here is simply my tax returns."

13. On May 7, 2018, Defendant ASAF BERMAN sent Mr. Rutter the following email, copied in full:

> Dear Scott
>
> Before I sign – let me just emphasis (sic) we are in the middle of a lawsuit against Dean & Maya and the rest of their entities.
>
> It is a very significant one and with solid ground.

> If this causes or create (sic) and conflict for you – I CAN FIND AN ALTERNATIVE – but along this process, we will conduct a very detailed analysis to the books and records and all the performances and duties of the relevant parties.
>
> The façade of Mt Rubin (who is nothing but a liar…and when I said Liar I mean LIAR) is over.
>
> Anyhow – it is important to clear it out of the way, though your assignment here is simply my tax returns – I rather say it and let you decide if you can serve me on my basic requirement here – with extra diligence.
>
> Let me know
>
> Asaf

14. Defendant ASAF BERMAN's statement – made wholly outside the <u>Berman v. Jankelowitz</u> litigation **and** to an important business associate of Plaintiff HOWARD RUBIN – that Plaintiff HOWARD RUBIN "is nothing but a liar … and when I said Liar I mean LIAR" is not protected by any privilege and is patently false.

15. Defendant ASAF BERMAN's statement of May 7, 2018 unequivocally falsely characterized Plaintiff as a liar, defamed Plaintiff's reputation by questioning his honesty.

16. On May 9, 2018, Scott Rutter informed Plaintiff HOWARD RUBIN of the defamatory email by forwarding it to Plaintiff HOWARD RUBIN.

17. Defendant ASAF BERMAN's email, which was published to a business associate of Plaintiff HOWARD RUBIN constitutes intentional and *per se* defamation which caused him to suffer, *inter alia*: gross impairment of his good name, embarrassment, damage to his professional reputation, public impairment of his honor, and damage to his personal reputation.

## AND AS FOR A FIRST CLAIM
## (DEFAMATION [LIBEL] PER SE)

18. Plaintiff HOWARD RUBIN repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "17" inclusive.

19. Defendant ASAF BERMAN did knowingly create a writing in which he called Plaintiff HOWARD RUBIN a "liar…and when I said Liar I mean LIAR." (ellipsis in original).

20. Intent is inferred from the context: Defendant ASAF BERMAN did knowingly refer to Mr. Rubin as a "liar" three (3) times, each with greater emphasis; any claim that the statement "Rubin[] is nothing but a liar….and when I say Liar I mean LIAR," was something other than a plain and simple derogation of his candor – and thus his character – would be frivolous.

21. To falsely impinge the candor and/or veracity of an attorney automatically impinges on the character of that attorney. Indeed, this has been stated by the New York Court of Appeals to automatically be actionable as libel *per se*, relieving the defamed attorney of the need to plead special damages or sole/direct causation.

22. Intent having been established by the circumstances, the sole remaining element of a cause of action for libel *per se* is "publication." Publication, in the case of libel [as well as libel *per se*] has a different meaning than its usual usage; indeed, in a defamation case, a defendant is held to have published a false statement if it is either uttered before or read by a single third-party other than the Plaintiff and the Defendant. Plaintiff HOWARD RUBIN can (and by this verified complaint, does) attest that publication was made by DEFENDANT ASAF BERMAN'S having sent the defamatory letter by e-mail from a Singapore-based e-mail address to Mr. Rutter's New York based e-mail address. He bases that attestation on the fact that Mr. Rutter forwarded a copy of the defamatory email showing the same to Plaintiff HOWARD RUBIN two days later.

23. Publication over the internet can be regarded as a new and volatile area in the law of defamation; however, in the instant case, where the electronic mail was sent directly to one person, to-wit, Mr. Scott Rutter of Citrin Cooperman & Company, LLP, the emergent law is actually quite clear: such e-mails are treated identically postal mail or documents sent for delivery with overnight couriers. As such, Defendant ASAF BERMAN published the subject letter by e-mailing it to Mr. Scott Rutter.

24. Further, the conduct of Defendant ASAF BERMAN was outrageous and malicious, was intended to injure Plaintiff HOWARD RUBIN – who vehemently denies the truth of the statement – and was done with conscious disregard of Plaintiff HOWARD RUBIN's rights, entitling Plaintiff HOWARD RUBIN to an award of punitive damages.

## *AS AND FOR A SECOND CLAIM*
## *(DEFAMATION [LIBEL])*

25. Plaintiff repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "24" inclusive.

26. Defendant ASAF BERMAN's conduct, as described herein, additionally amounts to [standard] libel. A showing of [standard] libel requires all of the elements of libel *per se* plus proof of specific harm and actual damages. The specific harm constituted at a minimum the harm to the business relationship between Plaintiff HOWARD RUBIN and Mr. Scott Rutter. From a review of the e-mails eventually sent to Plaintiff HOWARD RUBIN and as originally published by Defendant ASAF BERMAN, it took Mr. Rutter two days to decide whether to inform Howard Rubin of the defamatory conduct. Then the specific damages arise out of the extent to which Mr. Rutter believed Defendant ASAF BERMAN's false allegations. They also depend on the extent by which Defendant ASAF BERMAN's false allegations concerning Plaintiff HOWARD RUBIN's veracity were re-published by either Defendant ASAF BERMAN or later third parties.

27. One can imagine Mr. Rutter, a CPA, upon realizing the severity of the statement made by Defendant ASAF BERMAN as to Plaintiff HOWARD RUBIN's reputation, deciding to opt out of some or all future business relations with Mr. Rubin. Similarly, if Defendant ASAF BERMAN re-published the defamatory statements to other parties, and particularly if others' seeing the [re-]publications then themselves republished Defendant ASAF BERMAN's defamatory content, then severe irrevocable harm could come to Plaintiff HOWARD RUBIN's reputation for candor and veracity. One could easily imagine millions in damages based on lucrative business that would have otherwise gone to Plaintiff HOWARD RUBIN now failing to come his way due to the actions of Defendant ASAF BERMAN. The full extent of the special damages attributable to Defendant ASAF BERMAN's uttering this false statement in an electronic mail to Mr. Rutter – a false statement about an attorney with a heretofore unimpeachable character will never be known until we can determine to what extent it was shown to others and what effect it did have. It is thus believed that damages well exceed $75,000.00.

28. As the damages to Plaintiff HOWARD RUBIN's reputation may not be calculable, particularly if Defendant ASAF BERMAN continues defaming him, or begins a new campaign of defamation in retaliation to the instant lawsuit, in addition to money damages to be proven at trial, the issuance of preliminary and then permanent injunctive relief, restraining Mr. ASAF BERMAN from making or repeating any further false utterances, be they libelous or slanderous, repetitive of the complained-of in the instant suit or simply new but false.

**WHEREFORE**, a judgment and order is respectfully requested:

   a. Awarding on the First Claim as against Defendant such compensatory, presumed, and punitive damages as the jury may impose, along with interest and costs
   b. Awarding on the Second Claim as against Defendant such compensatory, presumed, and punitive damages as the jury may impose, along with interest and costs, and

c. Enjoining the Defendant from knowingly repeating or uttering any false and defamatory statement(s) as against the Plaintiff.
d. Granting such other and further relief as the Court deems just and proper.

# VERIFICATION

State of New York ) 
County of New York ) ss.

I, Howard M. Rubin, Plaintiff in the above-captioned action, having been duly sworn, state that I have read the instant VERIFIED COMPLAINT FOR DEFAMATION and state under penalty of perjury that it is true to the best of my knowledge.

DATED, this the 3rd day of May, 2019

_____
by Howard M. Rubin

I, Maxine Rand, a notary public duly licensed in the State of New York, hereby state that on this, the 3rd day of May, 2019, one Howard M. Rubin, a person known to me or having proven to me by way of sufficient identification, presented himself to me, whereupon he swore under penalty of perjury that the instant document was true to the best of his knowledge. Immediately thereafter I affixed my official stamp and/or seal to the instant document.

_____
Maxine Rand, Notary Public

**MAXINE RAND**
**Notary Public, State of New York**
**No. 01RA4844958**
**Qualified in Nassau County**
**Commission Expires 11/30/2021**

DATED: May 3, 2019

_____
Aaron S. Kaufman,
353 Veterans Memorial Highway, Ste. 210
Commack, New York, 11725
Phone: (631)-366-2172
Fax: (631)-366-1999
e-mail: aaron@aaronskaufman.com
*Attorney for Plaintiff, Howard M. Rubin*